UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISA PORRICELLI, *on behalf of herself and all others similarly situated*,

                                                                 Plaintiff,

-v-

MIDLAND CREDIT MANAGEMENT INC., MIDLAND FUNDING, LLC, and ENCORE CAPITAL GROUP, INC., formerly MCM CAPITAL GROUP, INC.,

                                                                  Defendants.

19 Civ. 7992 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Upon review of the briefing on the pending motion to compel arbitration, the Court notes that defendants ("defendants" or "Midland") have not provided the Court with the agreement pursuant to which Midland was purportedly assigned the right to enforce the relevant arbitration provision and class action waiver.

Plaintiff notes that in every case on which Midland relies, either the assignee provided the court with contractual language establishing the assignment or the plaintiff did not dispute the assignment. Dkt. 32 at 11 n.9. Were the Court unable to grant Midland's motion based on the non-production of that agreement, however, the proper remedy would have been limited discovery to determine the scope of the assignment provided by the relevant agreement. *Id.* at 14–15. Notably, in the key case relied upon by plaintiff, *Lance v. Midland Credit Mgmt. Inc.*, 375 F. Supp. 3d 604, 613–14 (E.D. Pa. 2019), following such discovery, the court granted

Midland's renewed motion to compel, which attached the relevant agreement. *Lance v. Midland Credit Mgmt. Inc.*, No. 18 Civ. 4933 (MAK), 2019 WL 2143362 (E.D. Pa. May 16, 2019).[1]

Accordingly, the Court directs Midland to file a supplemental declaration by Friday, May 29, 2020, attaching the assignment agreement and directing the Court to any relevant provisions.[2] Plaintiff shall file a letter by Tuesday, June 2, 2020, informing the Court whether it continues to oppose the motion to compel.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: May 27, 2020
       New York, New York

---

[1] That agreement, *see* No. 18 Civ. 4933 (MAK), Dkt. 31-3, appears to be the same agreement as—or, at the least, closely related to—the one at issue in this litigation. However, a district court may take judicial notice of filings made in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 404 (S.D.N.Y. 2013) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992)).

[2] To the extent the assignment agreement contains material both unrelated to the scope of the assignment and justifying redaction, the Court grants permission for defendants to file the unredacted assignment agreement electronically under seal—*i.e.*, for Court-view only on ECF. If defendants elect to so file, the Court further directs defendants promptly to file a lightly redacted version of the assignment agreement publicly on ECF, also by May 29, 2020.