# BROMBERG LAW OFFICE, P.C.

Brian L. Bromberg (Admitted in NY, NJ & CA)
Joshua Tarrant-Windt, Associate (Admitted in NY)

26 Broadway, 27th Floor
New York, NY 10004
Phone: (212) 248-7906
Fax:    (212) 248-7908

June 4, 2020

<u>Via ECF</u>
Honorable Paul A. Engelmayer, U.S.D.J.
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Porricelli v. Midland Credit Management, Inc.*
      SDNY Case No. 19-CV-7992 (PAE)

Dear Judge Engelmayer:

We represent the plaintiff, Lisa Porricelli, in the above-referenced case.

Pursuant to the Court's order of May 27, Defendants have now introduced to the record (ECF No. 39) a "forward flow agreement" and related documents that appear to establish their right to arbitration. With this production, Plaintiff has determined not to continue to oppose arbitration. A stay, rather than dismissal, is generally appropriate in such a case. *See Katz v. Cellco Partnership*, 794 F.3d 341, 347 (2d Cir. 2015). Accordingly, Plaintiff requests that Your Honor stay this case so that the parties can proceed to arbitration.

Respectfully,

/s/ Brian L. Bromberg

6/5/2020

Granted.  The Court appreciates this letter.  Because defendants have clearly established their right to arbitration, and Porricelli no longer opposes defendants' motion to compel, the only issue remaining is whether to dismiss or stay this case.  The Second Circuit instructs that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all the claims in an action have been referred to arbitration and a stay requested."  *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015).  Porricelli has requested a stay.  The Court agrees that a stay will expedite this case by enabling prompt arbitral resolution of Porricelli's claims and deferring any appellate review until after the arbitration has concluded.

Accordingly, the Court refers Porricelli's claims to arbitration and stays this case pending the outcome of arbitration.  The parties are directed to submit a joint status letter to the Court every 90 days, measured from the date of this order, advising the Court as to the status of arbitration proceedings.  The Clerk of Court is respectfully directed to terminate the motion pending at docket 19.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge